

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

DEWANDA JACOBS,                         §
         Plaintiff,               §
                                       §
vs.                                     §
                                       §    Civil Action No. 5:21-2617-MGL
ZURICH AMERICAN INSURANCE               §
COMPANY,                                §
         Defendant.               §
                                       §

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

Plaintiff Dewanda Jacobs (Jacobs) brought this action against Zurich American Insurance Company (ZAIC) in state court, alleging waiver, declaratory judgment, breach of contract, quantum meruit/unjust enrichment, equitable indemnity, attorney fees, estoppel, bad faith, and negligence and gross negligence causes of action. ZAIC removed this matter to this Court and brought a counterclaim for declaratory judgment. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court is ZAIC's motion for judgment on the pleadings (MJOP). Having carefully considered the MJOP, the response, the reply, the record, and the applicable law, it is the judgment of the Court ZAIC's MJOP will be granted in part and denied in part as described below.

## II.    FACTUAL AND PROCEDURAL HISTORY

Jacobs alleges she tripped and fell at a Nissan dealership in Orangeburg, South Carolina in January 2018.  Afterward, Jacobs sued "Orangeburg Nissan, Inc." (Nissan) in state court for negligence (underlying action).  At the time of the incident, ZAIC insured "THAG, LLC d/b/a/ Nissan of Orangeburg" (THAG).

Alan Dowling (Dowling), the manager of Nissan of Orangeburg, received personal service in August 2018, but failed to respond to the underlying action.  The state court entered a default judgment against Nissan on October 31, 2018.

On March 14, 2019, THAG notified ZAIC of the underlying action and the default judgment for the first time.  ZAIC retained counsel to represent THAG in an attempt to get the default set aside because Jacobs had named Nissan, rather than THAG, in the underlying action.  ZAIC argued Jacobs had failed to serve THAG.  The state court determined THAG had been properly served in the underlying action and substituted THAG as the defendant to the default judgment.

After that, ZAIC notified THAG that there was no coverage available because THAG had failed to immediately notify them of the underlying action, in violation of its policy.

THAG thereafter assigned its claims against ZAIC to Jacobs.  Jacobs thus initiated this action against ZAIC.  ZAIC removed the action to this Court and answered, asserting its counterclaim for declaratory judgment.  Jacobs answered those counterclaims in turn.  ZAIC subsequently filed the MJOP.  Jacobs responded and ZAIC replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

The defense of failure to state a claim upon which relief can be granted, set forth under Federal Rule of Civil Procedure 12(b)(6), can also be made via a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). Stated differently, a Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss made under Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive the motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in favor of the nonmoving party. *Burbach*, 278 F.3d at 406. Conclusory allegations pled in the complaint are undeserving of an assumption of truth and should be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV.    DISCUSSION AND ANALYSIS

### A.    *Whether the Court should convert the MJOP to a motion for summary judgment*

Jacobs argues that, because ZAIC referred to its insurance policy with THAG (the Policy) in the MJOP, the Court must convert the MJOP to a motion for summary judgment. ZAIC responds that the Policy may be considered on an MJOP because it is integral to the complaint.

3

In general, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Nevertheless, the Fourth Circuit has held courts may consider documents attached to a 12(b)(6) motion without turning it into a motion for summary judgment "so long as they are integral to the complaint and authentic[,]"  *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007), because, in those circumstances, plaintiffs have actual notice of the documents.

Jacobs fails to dispute the Policy's authenticity.  Accordingly, the issue is whether it is integral to the complaint.

To be integral to the complaint, a document must do more than contain information that is important to the plaintiff's claims.  Instead, its very existence must give rise to the legal rights asserted.  *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) ("For a document to be considered integral to the complaint, the plaintiff must rely on the terms and effect of a document in drafting the complaint." (internal quotation marks omitted)).

ZAIC's obligations under the Policy form the basis of Jacob's complaint.  The Court therefore determines the Policy is integral to the complaint, and will consider it without converting the MJOP to a motion for summary judgment.

**B.      Whether ZAIC waived its rights to assert coverage defenses under the policy**

ZAIC maintains that it failed to intentionally waive its rights to assert coverages defenses. Jacobs posits waiver is a question of fact that the Court should reserve for the jury and insists ZAIC waived its rights to assert coverage defenses by failing to issue a reservation of rights letter.

"Waiver is an intentional relinquishment of a known right and may be implied from circumstances indicating an intent to waive."  *Bonnette v. State*, 282 S.E.2d 597, 598 (S.C. 1981).

4

Acts that are inconsistent with the continued assertion of a right may also give rise to a waiver. *Id.* Waiver is a question of fact. *Parker v. Parker*, 443 S.E.2d 388, 391 (S.C. 1994).

Here, ZAIC retained counsel to defend against the default judgment and failed to explicitly reserve its rights to coverage defenses. Although a reservation of rights may be unrequired, these allegations are sufficient to create a plausible claim that it intended to waive its rights.

ZAIC, however, insists it "promptly informed [THAG] there was no coverage under the policy for the Underlying Action because of [THAG]'s failure to comply with the policy's notice provisions[,]" Reply at 3–4, indicating a lack of intention to waive its rights. But such an inquiry into ZAIC's intent is improper on a motion for judgment on the pleadings. Jacobs has stated a plausible claim on its face.

The Court will therefore deny the MJOP as to this claim. Because the MJOP as to Jacobs's declaratory judgment, breach of contract, quantum meruit/unjust enrichment, equitable indemnity, and attorney fees causes of action, as well as ZAIC's counterclaim for declaratory judgment, relies on the waiver issue, the Court will deny the MJOP as to those claims as well. It will now turn to the remaining claims.

### C.    *Whether ZAIC is estopped from asserting coverage defenses under the policy*

ZAIC contends that it is not estopped from asserting coverage defenses because THAG suffered no prejudice from ZAIC's provision of a defense to the default judgment. Jacobs maintains that THAG suffered prejudice because it neglected to appeal the state court's rulings as a result of ZAIC retaining counsel.

The necessary elements of equitable estoppel are: "(1) ignorance of the party invoking it of the truth as to the facts in question; (2) representations or conduct of the party estopped which

mislead; (3) reliance upon such representations or conduct; and (4) prejudicial change of position as the result of such reliance." *Pitts v. N.Y. Life Ins. Co.*, 148 S.E.2d 369, 371 (S.C. 1966).

Here, neither THAG nor retained counsel appealed any of the state court rulings. But, by the time ZAIC received notice of the underlying action, the time for appeal had long passed. Therefore, the Court struggles to understand how ZAIC's retention of counsel prejudiced THAG. The Court will therefore grant the MJOP as to Jacob's estoppel claim and dismiss it without prejudice.

The Court thus need not address whether the other elements have been satisfied. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta.*").

### D.     *Whether Jacobs has standing to bring a bad faith claim*

ZAIC insists Jacobs lacks standing to bring a bad faith claim against it because Jacobs lacks a contractual relationship with ZAIC. Jacobs fails to respond to this argument.

Under South Carolina law, an insured is precluded from assigning its right to pursue a bad faith claim. *See Reeves v. S.C. Mun. Ins. & Risk Fin. Fund*, 862 S.E.2d 248, 255 (S.C. 2021) ("This Court has never recognized the validity of any assignment of a bad faith claim."). Therefore, Nissan improperly assigned Jacobs any bad faith claim it may have against ZAIC.

Accordingly, the Court will grant the MJOP as to Jacobs's bad faith claim and dismiss the claim with prejudice.

### E.     *Whether Jacobs's negligence and gross negligence claim is proper*

ZAIC insists Jacobs negligence claim is improper inasmuch as it is unrecognized by South Carolina law. Jacobs also fails to address to this argument.

In cases like Jacobs's, South Carolina fails to recognize a free-standing claim of negligence against insurers. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 620 (S.C. 1983) (explaining that the finder of fact may consider negligence of the insurance company as part of a bad faith claim). Accordingly, the Court will also grant the MJOP as to Jacobs's negligence and gross negligence cause of action and dismiss it with prejudice.

## V.    CONCLUSION

For the reasons stated above, it is the judgment of the Court ZAIC's MJOP is **GRANTED IN PART AND DENIED IN PART**. Jacobs's estoppel claim is **DISMISSED WITHOUT PREJUDICE**, and her claims for bad faith and negligence/gross negligence are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Signed this 15th day of November 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis          __
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE